MARK L. POPE  #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>AUDRA KIRKMAN,<br><br>               Debtor(s). | Case No. 12-17761-B-7<br>Chapter 7 |
| AUGUST B. LANDIS,<br>Acting United States Trustee,<br><br>               Plaintiff,<br>v.<br><br>AUDRA KIRKMAN,<br><br>               Defendant(s) | A.P. No. 12-01154-B<br><br>Date: November 15, 2012<br>Time: 10:30 a.m.<br>Place: U. S. Bankruptcy Court<br>       2500 Tulare Street, Courtroom 12<br>       Fresno, CA 93721<br>Judge: Honorable W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING UNITED STATES TRUSTEE'S COMPLAINT TO (1) TO DISMISS
CHAPTER 7  CASE WITH PREJUDICE AND (2) TO ENJOIN DEBTORS
FROM FILING BANKRUPTCY FOR TWO YEARS**

On November 15, 2012, the Court's Status Conference came on for hearing on the United States Trustee's Complaint to (1) to Dismiss Chapter 7 Case with Prejudice and (2) to Enjoin Debtors from Filing Bankruptcy for Two Years.  Mark L. Pope, Esq. appeared for the United States Trustee.  Having entered the default of the Defendants and reviewed the unopposed pleadings of the United States Trustee, the Court now issues the following findings of fact and conclusions of law.

<u>**Finding of Facts**</u>

RECEIVED
November 20, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004542512

1

1.  On January 11, 2012, Audra Marie Kirkman ("the Defendant") filed a *pro se* Chapter 7 bankruptcy, Case No. 12-10231-B-7 ("Case No. 1") in the Eastern District of California.

2.  On January 23, 2012, the case was dismissed because the Defendant failed to file documents.

3.  On March 12, 2012, the Defendant filed a *pro se* chapter 7 bankruptcy, Case No. 12-12129-A-7 in the Eastern District of California.

4.  On July 16, 2012, the case was dismissed because the Defendant failed to appear at the meeting of creditors.

5.  On August 8, 2012, the Defendant filed a *pro se* chapter 7 bankruptcy, Case No. 12-16881-B-7 in the Eastern District of California.

6.  On August 20, 2012, the case was dismissed because the Defendant failed to file documents.

7.  On September 10, 2012 the Defendant filed the Current Case, Case No. 12-17761-B-7, in the Eastern District of California.

8.  On the second page of the petition under "All Prior Bankruptcy Cases Filed Within Last Eight Years" the Defendant left the block blank.

9.  The Defendant failed to file Schedule and Statements.

10.  On September 28, 2012, the Court dismissed this case for failure to file documents.

## Legal Conclusions

11.  Under 11 U.S.C. §§ 349(a) and 707(b)(3)(A), the court may dismiss a case with prejudice to the discharge of existing debts on grounds of bad faith, which includes, but is not limited to (a) misrepresentation of facts in the petition or plan, (b) unfair manipulation of the Bankruptcy Code, (c) the debtors' history of filings and dismissals, and (d) timing petitions to frustrate state court actions.

12.  Defendant's failure to disclose prior cases and serial filings constitute bad faith and warrant dismissal of the Current Case with a bar to refiling.

13.  Defendant, is serial bankruptcy filer who has abused the bankruptcy system since January 12, 2012.

14. This year, the Court has dismissed 4 cases filed by the Defendant.

15. Defendant knowingly and fraudulently made false oaths in her petition when she failed to disclose Case No. 1-3 as prior cases.

16. Defendant's pattern of successive filings and false oaths is evidence of her willful failure to prosecute this cases and abide by the Bankruptcy Code and Rules.

17. Defendant's sole purpose in filing her successive cases appears to be to invoke the automatic stay to hinder and delay her creditors.

18. Defendant's behavior constitutes abuse of the bankruptcy system, and without an order barring refiling, Defendant's creditors are at risk of further serial filings and abuse.

19. Defendant's failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose an 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).

20. However, a 180-day bar is insufficient to protect Defendant's creditors from Defendant who has been in bankruptcy since January 2012 without any meaningful payment to her creditors.

21. Plaintiff has no adequate remedy at law. Defendant's actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable harm. Defendant will continue to abuse the bankruptcy process unless this court issues an injunction barring Defendant from filing another bankruptcy case for two years.

### Conclusion

For the foregoing reasons, the Court concludes the following relief should be granted:

1. The Defendant shall be barred from filing another bankruptcy petition within two years from the date of the dismissal, without leave of court.

2. Leave of court as referenced in paragraph 1, if any, may be sought by an *ex parte* order from the bankruptcy court upon a showing that (1) there has been a material change in circumstances, (2) the filing fee is paid in full, (3) complete schedules and statements are filed with the voluntary petition, and (4) reasonable assurances are made that the Defendant will appear at the section 341 meeting.

A separate order shall be entered.

Dated: November 21, 2012

_____
W. Richard Lee
United States Bankruptcy Judge

Efiled by Mark L. Pope
   Direct Phone: (559)487-5002 Ext. 240
   Email: Mark.Pope@usdoj.gov